IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. CHRISTINA MAKARIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-303-R |
| | ) |
| SIGNTRONIX, INC., a California Corporation, | ) |
| and NORTHERN LEASING, INC. d/b/a | ) |
| Northern Insta-Lease, Northern Leasing and | ) |
| Equipment, Northern Systems, Inc., a New | ) |
| York corporation, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendant Northern Leasing Systems, Inc.'s Redacted Motion to Dismiss, Doc. 8. Defendant improperly relies on a contract outside Plaintiff's complaint to support its *forum non conveniens* argument for dismissal. *See* Doc. 9, 10 (Equipment Finance Lease filed under seal). To avoid converting Defendant's motion to one for summary judgment, the Court cannot consider the contract—a "matter[] outside the pleading"—because it is not (1) "referred to in the complaint," (2) "central to . . . [P]laintiff's claim," *and* (3) "indisputably authentic." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(b)) (emphasis added). The "lease application" contract from Defendant's Motion is referred to in the complaint (Doc. 1-1, at 4), but it is unclear if the contract is central to Plaintiff's claims, and the parties strongly dispute the authenticity and validity of it. *See* Doc. 13, at 2–4; Doc. 14. Thus, the Court cannot consider "the forum selection clause

1

between Northern Leasing and Plaintiff" at this stage. Doc. 8, at 2. The Motion (Doc. 8) is DENIED.

IT IS SO ORDERED this 7th day of August 2018.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE